UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERICKA GONZALEZ,<br><br>        Plaintiff,<br><br>v.<br><br>GENERAL INSURANCE COMPANY OF AMERICA,<br><br>        Defendants | Case No. 1:18-cv-01531-DAD-BAM<br><br>FINDINGS AND RECOMMENDATIONS REGARDING PLAINTIFF'S MOTION TO REMAND<br><br>(Doc. No. 7)<br><br>**FOURTEEN-DAY DEADLINE** |

This matter is before the Court on Plaintiff Ericka Gonzalez' ("Plaintiff") motion to remand. (Doc. No. 7.) The motion was referred to the undersigned for issuance of findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302(a). The Court deemed the matter suitable for resolution without oral argument and vacated the hearing set for February 8, 2019. Local Rule 230(g). Having considered the parties' briefing, and for the reasons that follow, the Court recommends that Plaintiff's motion to remand be granted, and the request for attorneys' fees be denied.

## BACKGROUND

In the complaint, Plaintiff alleges that she was insured under an insurance policy issued by Defendant General Insurance Company of America ("Defendant") for all risks of loss at her home located at 5600 Geer Road, Turlock, California. On July 4, 2016, while the policy was in effect, a barn structure on the property burned down, along with Plaintiff's personal items inside. Plaintiff

1

promptly provided notice of the loss to Defendant. (Doc. No. 1-1, Complaint at ¶¶ 5-7.) Plaintiff contends that Defendant unreasonably delayed payment of benefits and failed to pay benefits due under the policy. (Id. at ¶ 11.) Plaintiff also contends that Defendant breached the covenant of good faith and fair dealing by depriving her of benefits under the policy. (Id. at ¶¶ 10-16.) As relief, Plaintiff seeks "general, special, economic, and consequential damages," "attorneys' and expert fees" and "exemplary damages." (Doc. No. 1-1, Complaint at Prayer.)

Plaintiff's complaint was filed in Stanislaus County Superior Court on September 28, 2018. On November 2, 2018, Defendant removed the case to this federal court based on diversity jurisdiction, asserting that Plaintiff and Defendant are citizens of different states and there is at least $75,000 in controversy. (Doc. No. 1 at ¶¶ 4-12.) On December 27, 2018, Plaintiff filed the instant motion to remand this case to state court, contending that Defendant has failed to establish that the amount in controversy exceeds $75,000, as required by 28 U.S.C. § 1332. Plaintiff also seeks an award of fees and costs incurred for the motion to remand. (Doc. No. 7.) On January 22, 2019, Defendant filed an opposition, and Plaintiff replied on February 1, 2019. (Doc. Nos. 8, 12.)

## LEGAL STANDARD

Removal of a state action may be based on either diversity jurisdiction or federal question jurisdiction. City of Chicago v. Int'l College of Surgeons, 552 U.S. 156, 163 (1997); Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987); Jordan v. Nationstar Mortgage, LLC, 781 F.3d 1178, 1181 (9th Cir. 2015). Diversity jurisdiction under § 1332(a) grants original jurisdiction to a district court when there is both complete diversity of citizenship and an amount-in-controversy exceeding $75,000. See 28 U.S.C. § 1332(a). In a case that has been removed from state court on the basis of diversity jurisdiction, the defendant has the burden to prove, by a preponderance of the evidence, that removal is proper. Geographic Expeditions, 599 F.3d 1102, 1106–07 (9th Cir. 2010); Hunter v. Phillip Morris USA, 582 F.3d 1039, 1042 (9th Cir. 2009) (noting defendant always has the burden of establishing that removal is proper). Federal courts "strictly construe the removal statute against removal jurisdiction." Gaus v. Miles, 980 F.2d 564, 566 (9th Cir. 1992).

2

**DISCUSSION**

There is no dispute that complete diversity exists between the parties. Plaintiff therefore seeks remand on the basis that Defendant has not established the amount in controversy. Where, as here, the amount in controversy is not clear from the plaintiff's complaint, the burden is on the defendant to establish, by a preponderance of the evidence, that the amount in controversy exceeds $75,000. Sanchez v. Monumental Life Ins. Co., 102 F.3d 398, 404 (9th Cir. 1996). "Under this burden, the defendant must provide evidence establishing that it is 'more likely than not' that the amount in controversy exceeds [$75,000]." Id.

Here, Defendant contends that the aggregation of Plaintiff's claimed contract damages, attorneys' fees and punitive damages, coupled with Plaintiff's refusal to stipulate to damages less than $75,000, presents an amount in controversy in excess of the jurisdictional threshold. The Court addresses each matter in turn below.

**1.  Contract Damages**

Plaintiff alleges that at the time she filed the complaint in state court, Defendant owed her approximately $82,000 in policy benefits. (Doc. No. 7-1 at 4-5.) However, Plaintiff also alleges that by October 6, 2018, almost one month before removal, Defendant issued Plaintiff a check for $60,817.14 toward the outstanding amount, thereby reducing the contract damages at issue to approximately $21,000. (Id. at 5.)

Defendant does not dispute the amount of contract damages at issue, nor that it does not meet the $75,000 threshold. (Doc. No. 8 at 4-5.) Instead, Defendant asserts that the claimed attorneys' fees and punitive damages in aggregation with the $21,000 in policy benefits pushes the amount in controversy beyond the $75,000 threshold.

**2.  Attorneys' Fees**

Plaintiff seeks attorney's fees incurred to obtain policy benefits. Under California law, such attorney's fees may be recovered as compensatory damages. See Brandt v. Superior Court, 37 Cal.3d 813, 817, 210 Cal.Rptr. 211, 693 P.2d 796 (1985) (stating that "'when the insurer's conduct is unreasonable, a plaintiff is allowed to recover for all detriment proximately resulting from the insurer's bad faith, which detriment ... includes those attorney's fees that were incurred

to obtain the policy benefits and that would not have been incurred but for the insurer's tortious conduct'"); Conrad Assocs. v. Hartford Acc. & Indem. Co., 994 F.Supp. 1196, 1199 (N.D. Cal. 1998) ("California law permits recovery of attorney's fees incurred by the insured in obtaining the benefits due under the policy when the insurer's conduct in withholding benefits was tortious"), (citing Brandt, 37 Cal.3d at 816-19). However, only those fees attributable to an attorney's efforts in obtaining benefits due are recoverable. "Fees attributable to obtaining any portion of the plaintiff's award which exceeds the amount due under the policy are not recoverable." Brandt, 693 P.2d at 800. It is well established that these "Brandt fees" are included in a calculation of the amount in controversy. Conrad, 994 F.Supp. at 1199; James Dickey, Inc. v. Alterra America Ins. Co., 2015 WL 4537732, *3 (C.D. Cal. July 27, 2015) (finding that court may consider Brandt fees when assessing the amount in controversy).

Defendant argues that in litigating this case through trial, Plaintiff is likely to accrue claimed fees in excess of $75,000, let alone in excess of the $54,000 difference between $75,000 and the $21,000 in claimed policy benefits. Defendant asserts that this conclusion is supported by Plaintiff's counsel's own declaration in support of the motion to remand, because the attorney who drafted the motion "bills at the rate of $500 (ECF 7-2, ¶ 5) and anticipates 10 hours of work on the instant motion alone (ECF 7-2, ¶ 5.)." (Doc. No. 8 at 6.) Defendant also asserts that the attorney who drafted the motion is not even lead counsel in this matter, and it is reasonable to conclude that the other attorneys identified in the caption would charge at even higher rates. Defendant therefore contends that "even using an hourly rate of $500 and a conservative estimate of 500 hours of work through trial, plaintiff's attorneys' fees would total $250,000. If plaintiff's counsel only spent 30% of those hours seeking policy benefits, the resulting *Brandt* fee claim alone would equal the $75,000 jurisdictional minimum." (Id.)

In reply, Plaintiff asserts that Defendant provides no supporting factual basis for the claim that Brandt fees would be in excess of $75,000. Plaintiff argues that Defendant submits no declaration from Plaintiff's counsel as to whether there are lower-billing-rate attorneys who will work on the case and that Defendant's assertion regarding billable time and hourly rates is improper speculation. Plaintiff also argues that it is Defendant's "pure speculation that plaintiff's

1  *Brandt* claim will be based on the billing rate, as opposed to a reasonable rate, or some other
2  calculation, and it is likewise [Defendant's] pure speculation that the hours attributable to
3  collection of policy benefits (the only attorneys' hours as to which fees may be available under
4  *Brandt*) will approach the jurisdictional limit." (Doc. No. 12 at 3.)

5  The Court finds Plaintiff's argument persuasive. Defendant's assertions and calculations
6  regarding Brandt fees in this action are merely speculative, and there is no factual basis to support
7  its conclusions. This is particularly true given that Defendant has not provided information to
8  support relevant fee awards in other cases or other information supporting the purported $500 per
9  hour billing rate. "[A] court cannot rely on speculation when including attorneys' fees for
10 purposes of determining whether the jurisdictional amount is met." Steenhuyse v. UBS Fin.
11 Servs., Inc., 317 F. Supp. 3d 1062, 1072 (N.D. Cal. 2018); Matheson v. Progressive Specialty Ins.
12 Co., 319 F.3d 1089, 1090–91 (9th Cir. 2003) (finding conclusory allegations as to the amount in
13 controversy insufficient). See also Hembree v. Allstate Ins. Co., No. CV1207119MWFSHX,
14 2012 WL 12884890, at *2 (C.D. Cal. Oct. 19, 2012) ("If the amount in controversy is not clear on
15 the face of the complaint, however, defendant must do more than point to a state law that might
16 allow recovery above the jurisdictional minimum. Rather, the defendant must submit summary-
17 judgment-type evidence to establish that the actual amount in controversy exceeds $75,000.")

18 **3.    Punitive Damages**

19 Plaintiff seeks punitive damages. In California, a plaintiff may recover punitive damages
20 for insurance bad faith claims, and such damages are included in calculating the jurisdictional
21 amount in controversy. Conrad, 994 F. Supp. at 1200; Gibson v. Chrysler Corp., 261 F.3d 927,
22 945 (9th Cir. 2001) ("It is well established that punitive damages are part of the amount in
23 controversy in a civil action."). "To establish probable punitive damages, defendant may
24 introduce evidence of jury verdicts in cases involving analogous facts." Simmons v. PCR
25 Technology, 209 F.Supp.2d 1029, 1033 (N.D. Cal. 2002); see also Sley v. USAA Cas. Ins. Co.,
26 No. 5:16-CV-04882-HRL, 2017 WL 2114773, at *3 (N.D. Cal. May 16, 2017) (rejecting
27 evidence of 3 large jury verdicts punitive damages because defendant had "not presented the
28 court with any facts that might warrant [such] a large punitive damages award in this case.")

5

Defendant argues that applying even a modest multiplier to the actual damages award to arrive at a punitive damage amount would push the amount in controversy over the jurisdictional threshold. Defendant suggests that a punitive damage multiplier of only three times the $21,000 in claimed policy benefits would result in a punitive damages award of $62,000. Defendant concludes that "the claimed punitive damages, combined with the claimed policy benefits and attorneys' fees, show an amount in controversy easily in excess of $75,000." (Doc. No. 8 at 6.)

But, like in Conrad, the Court "has not been presented with any facts that would support an award of punitive damages in this case. Defendant's burden cannot be met simply by pointing out that the complaint seeks punitive damages and that any damages awarded under such a claim could total a large sum of money, particularly in light of the high burden that must be met in order for a plaintiff even to be eligible for receipt of discretionary punitive damages." Conrad, 994 F. Supp. at 1201. Defendant has not introduced evidence of jury verdicts in similar cases or explained how the facts in this case might warrant large probable punitive damages or any other facts to support a large punitive damages award. Merely stating that a complaint seeks punitive damages, which may ultimately be a large sum of money, does not satisfy Defendant's burden. Conrad, 994 F. Supp. at 1201.

### 4. Plaintiff's Refusal to Stipulate

Defendant contends, in part, that the amount in controversy is met because Plaintiff refused to stipulate that she was seeking less than $75,000 in damages. However, "a plaintiff's refusal to stipulate that the amount in controversy is below the necessary threshold is not sufficient to establish the requirement." Daley v. Walmart Stores, Inc., No. SA CV 18-0518-DOC (GJSx), 2018 WL 3104630, at *4 (C.D. Cal. June 21, 2018); Rosen v. Evanston Ins. Co., No. 2:16-cv-01061-KJM-CKD, 2016 WL 4702435, at *2 (E.D. Cal. Sept. 8, 2016) (citing cases declining to find a refusal to stipulate to damages below the jurisdictional amount persuasive; finding "jurisdiction is not established simply because a plaintiff does not confirm its claims do not exceed the jurisdictional amount, for a lack of explicit confirmation does not conclusively establish the amount in controversy is met"); McDaniel v. Mondelez Glob., LLC, Civ. No. 2:14-898 WBS AC, 2014 WL 2987314, at *2 n. 4 (E.D. Cal. July 1, 2014) (noting courts accord little

weight to such stipulations to the jurisdictional amount prepared after removal); see also Conrad, 994 F.Supp. at 1199 (finding defendant's assertion that it was conclusively established that the amount in controversy exceeded $75,000 by plaintiff's refusal to stipulate that the case was not worth $75,000 not convincing).

"Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." Gaus, 980 F.2d at 566 (citations omitted). For the reasons stated, the Court finds that Defendant has not satisfied its burden to establish the jurisdictional amount in controversy. Accordingly, the Court will recommend that Plaintiff's motion to remand be granted.

## REQUEST FOR ATTORNEYS' FEES

In conjunction with the motion to remand, Plaintiff moves for the costs and attorneys' fees incurred in preparing the motion in the amount of $5,000. (Doc. No. 7 at 5-7; Doc. No. 7-2, Declaration of Yasmeen Omidi at ¶ 5.) A court remanding a case to state court has discretion to order the defendant to pay the plaintiff's costs and fees. 28 U.S.C. § 1447(c) ("An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal."). "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." Martin v. Franklin Capital Corp., 546 U.S. 132, 141, 126 S.Ct. 704, 163 L.Ed.2d 547 (2005). "[W]hen an objectively reasonable basis exists, fees should be denied." Id.

The Court finds that Defendant had an objectively reasonable basis for seeking removal. Plaintiff's request for policy benefits, attorneys' fees and punitive damages, along with her earlier refusal to stipulate to recovery below the amount-in-controversy, provided an objectively reasonable basis for Defendant to believe that it could meet its burden to establish that the jurisdictional amount in controversy had been met. That Defendant failed to carry its burden does not mean that it lacked an objectively reasonable basis to remove. See Gardner v. UICI, 508 F.3d 559, 562 (9th Cir. 2007) ("Under Martin, however, whether a removal is improper is not dispositive in determining whether fees should be awarded under 28 U.S.C. § 1447(c)."). Accordingly, the Court will recommend that Plaintiff's request for fees and costs incurred in

bringing the motion to remand be denied.

**CONCLUSION AND RECOMMENDATION**

Based on the foregoing, IT IS HEREBY RECOMMENDED as follows:

1. Plaintiff's motion to remand be GRANTED;

2. Plaintiff's request for attorneys' fees and costs be DENIED.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **fourteen (14) days** after being served with these Findings and Recommendations, the parties may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **February 20, 2019**        /s/ Barbara A. McAuliffe
                                    UNITED STATES MAGISTRATE JUDGE